NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

A. W. WINCHESTER, INC., Respondent.

No. 77-1037.

United States Court of Appeals, Sixth Circuit.

Dec. 11, 1978.

Elliott Moore, Deputy Associate Gen. Counsel, William R. Stewart, Joseph Ferrara, N. L. R. B., Washington, D. C., Bernard Gottfried, Director Region 7, N. L. R. B., Detroit, Mich., for petitioner.

Peter J. Kok, James L. Stokes, Brent D. Rector, Miller, Johnson, Snell & Cummiskey, Grand Rapids, Mich., for respondent.

## ORDER

Before PHILLIPS, Chief Judge, KEITH, Circuit Judge, and PECK, Senior Circuit Judge.

The National Labor Relations Board has petitioned for enforcement of its order[1] finding the A. W. Winchester Company in violation of Sections 8(a)(5) and (1) of the National Labor Management Relations Act for refusal to bargain with a representative of the United Paperworkers International Union, AFL–CIO, which purported to represent the company's production, maintenance and transportation employees.

The employees had organized an independent union in 1972, which represented them in negotiations with the employer. In 1975, several members of the union's leadership determined to affiliate with the United Paperworker's International Union, AFL–CIO.

The central issue concerns the validity of the election at which the employees voted to affiliate with the United Paperworkers International Union. It is undisputed that employees were given no more than two days notice of the affiliation election, that the election itself was not by secret ballot, but conducted in an open room where employees could see how each other voted and that there was substantial employee unrest over the affiliation decision.

In a 2–1 decision, the NLRB found that this election was properly conducted and ordered the company to bargain with the Union and cease and desist from attempting to undermine and/or bypass the Union. In *N.L.R.B. v. Bear Archery, Division of Victor Comptometer Corp.,* 223 NLRB No. 191 (1976) (2–1 decision) the Board issued a bargaining order under circumstances similar to those here. This court denied enforcement, relying upon member Walther's dissent which found that the affiliation election had not comported with due process. *NLRB v. Bear Archery,* 587 F.2d 812 (6th Cir. 1977). This case is controlled by our decision in *Bear Archery.*[2]

It is there ORDERED that the petition for enforcement of the NLRB's order be, and it hereby is, denied.

---

1. A. W. Winchester Inc. and United Paperworkers International Union, AFL–CIO, 226 NLRB No. 152 (1976).

2. *J. Ray McDermott & Co., Inc. v. NLRB,* 571 F.2d 850 (5th Cir. 1978) is factually distinguishable. There, employees did have ample time to consider the issue, the balloting was secret and evidence of employee support for affiliation was strong.