**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**Samuel P. KATZ, d/b/a American Mailers (Plant # 2), Respondent.**

**No. 78–1001.**

United States Court of Appeals, Sixth Circuit.

Argued April 14, 1980.

Decided May 20, 1980.

Elliott Moore, Michael S. Winer, Deputy Associate Gen. Counsel, N. L. R. B., Susan Tepper Papadopoulos, Washington, D. C., Bernard Gottfried, Director, Region 7, N. L. R. B., Detroit, Mich., for petitioner.

Robert J. Finkel, Levin, Levin, Garvett & Dill, Glenn S. Adelson, Southfield, Mich., for respondent.

Before ENGEL, BROWN and KENNEDY, Circuit Judges.

PER CURIAM.

The Board seeks enforcement of its order requiring Samuel P. Katz, d/b/a American Mailers, to recognize and bargain collectively with Local No. 4 of the International Mailers Union as the representative of the employees at American Mailers' plant No. 2. Local No. 12 of the same union represented these employees until its members voted to merge with Local No. 4, which represented the employees at American Mailers' plant No. 1. Katz claims that he has no duty to bargain with Local No. 4 as the representative of the plant No. 2 employees because the merger vote was procedurally defective under this court's decisions in *NLRB v. Bear Archery Div. of Comptometer Corp.*, 587 F.2d 812 (6th Cir. 1977), and *NLRB v. A. W. Winchester, Inc.*, 588 F.2d 211 (6th Cir. 1978). Katz further claims that there was no continuity of representation between Local No. 12 and Local No. 4.

We adhere to the standards established by our decisions in *Bear Archery* and *Winchester*. However, we find that there is substantial evidence in the record to support the Board's decision that in the unique circumstances presented by this case, the election procedures were adequate. The record shows that the employees had ample opportunity for discussion concerning the election, and there is substantial evidence to support the Board's claim that the notice of the election was timely and adequately given. While we cannot approve of the informality of the election procedures, it does not appear upon the record that individual privacy was invaded by the method employed, that any employee was prejudiced, or that more formal methods would have achieved any different result. There was no evidence that the company's bargaining obligation was significantly affected by the merger and the substitution of Local No. 4 officers for Local No. 12 officers.

This Court has not adopted continuity of representation as a standard. The Board stated the proper standard in its opinion, that the Act grants employees the right to bargain through representatives of their own choice. As long as that choice has been freely made and the employer is not prejudiced, the employees, - preference should be recognized. Accordingly,

IT IS ORDERED that the petition for enforcement of the NLRB's order be and it is hereby granted.